UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05-CV-P22-R

JULIE E. BAUER                                                                                          PLAINTIFF

v.

TYRONE DUNN, et al.                                                                                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Julie E. Bauer, *pro se*, is a federal inmate, who seeks compensatory and punitive damages, under 42 U.S.C. § 1983, from two officers of the Warren County Jail, in their individual and official capacities, for their failure to protect her from an inmate's sexual assaults, in violation of her rights under the Fourteenth and other Amendments to the United States Constitution.  This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Because the complaint contains no allegations whether Plaintiff exhausted available, administrative remedies, the Court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1997e.

When a prisoner challenges the conditions of confinement under federal law in a civil action for damages, the Prison Litigation Reform Act, 42 U.S.C. § 1997e, first requires the prisoner to exhaust all administrative remedies available.  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (Congress afforded corrections officials the opportunity to address complaints internally to improve prison administration and to facilitate judicial review by creating an administrative record that "clarifies the contours of the controversy.")

Exhaustion of administrative remedies is mandatory: if an inmate fails to exhaust her claim through the jail's grievance process, the court must dismiss the complaint without prejudice, even if the inmate believes exhaustion would be futile.  *Booth v. Churner,* 532 U.S.

731, 741 (2001); *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). Federal court review is premature if an inmate has completed only the first step of the administrative process and failed to appeal a grievance to the highest institutional authority. *Booth*, at 731.

If the suit seeks relief from more than one prison official, the inmate must exhaust administrative remedies against each institutional defendant on each claim. *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003). Further, "a prisoner must plead [her] claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describ[ing] with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *see also Bey v. Johnson*, 407 F.3d 801(6th Cir. 2005).

A case involving multiple claims and multiple defendants requires an individualized analysis. *Boyd v. Corrections Corp. of America*, 380 F.3d 989 (6th Cir. 2004). A grievance statement satisfies the exhaustion requirement if it "gave the prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Burton*, 321 F.3d at 575; *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003).

Attached to the complaint is a copy of a Field Report, dated July 10, 2004, completed by the United States Marshals Service. The Report contains many of the allegations contained in this complaint. The Report also contains allegations that Plaintiff did not complain to Warren County Jail officials, at any time, and particularly on one occasion out of fear for her safety. The complaint contains no allegations that Plaintiff availed herself of the Warren County Jail's grievance procedures or that Plaintiff gave Warren County Jail officials fair notice of the

allegations that form the basis of the claims against the two Defendant officers in this action.

The Court must therefore dismiss the complaint, without prejudice, for failure to allege exhaustion of the available, administrative remedies. Moreover, the Sixth Circuit Court of Appeals holds that § 1915A does not permit a prisoner any opportunity to amend the complaint to avoid *sua sponte* dismissal. *McGore*, 114 F.3d at 612.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:     Plaintiff, *pro se*

4413.007